UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONCH HOUSE BUILDERS, LLC,
a Florida limited liability company,

    Plaintiff,

v.                                Case No. 3:20-cv-1337-BJD-PDB

LANDMARK AMERICAN
INSURANCE COMPANY, a
foreign corporation, ARCH
SPECIALTY INSURANCE
COMPANY, a foreign corporation,
and BROWN & BROWN OF
FLORIDA, INC., a Florida
corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Landmark American Insurance Company and Arch Specialty Insurance Company Notice of Removal (Doc. 1) and Plaintiff's Brief on Subject Matter Jurisdiction (Doc. 16; Response).

On November 24, 2020, Arch and Landmark removed this case to federal court based on the Court's diversity jurisdiction. Notice of Removal at 2-4. Arch and Landmark acknowledged that Defendant Brown and Brown of Florida, Incorporated, destroys complete diversity. Id. at 3-4. They argue

Plaintiff fraudulently joined Brown and Brown to the case to prevent removal. Id. at 4. In light of the Court's obligation to ensure that it has subject matter jurisdiction over a case and because it was not obvious to the Court whether Brown and Brown was fraudulently joined, the Court ordered Plaintiff to respond to Arch and Landmark's assertions. (Doc. 6 (citing Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001))). The Court also allowed Arch and Landmark to reply to Plaintiff's response. Id. at 3. Arch and Landmark did not avail themselves of that opportunity and the Court is left to consider the Notice of Removal and Plaintiff's Response.

"[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." Thermoset Corp. v. Bldg. Materials Corp. of Am., 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotations omitted). At the time of removal, the Complaint (Doc. 7) was still Plaintiff's operative pleading.[1] Plaintiff owns the Conch House Marina and Resort (the "Marina"), which consists of a marina, resort, eatery, and lounge. Complaint ¶ 2. Plaintiff utilized "Brown and Brown as its insurance broker to obtain insurance coverage for the Marina . .

---

[1] Following removal, Plaintiff filed its Amended Complaint (Doc. 29). Even if the Court considered the Amended Complaint in its analysis, the outcome is unaltered.

. ." Id. ¶ 6. Brown and Brown arranged for Arch and Landmark to provide insurance coverage for the Marina. Id.

In 2016 and 2017, Hurricanes Matthew and Irma damaged the Marina. Id. ¶¶ 12, 13. Arch and Landmark provided some coverage for that damage but less than what Plaintiff believes is owed. Id. ¶ 15. Plaintiff brought this suit primarily against Arch and Landmark for wrongful denial of insurance coverage, and, alternatively, against Brown and Brown for negligence in obtaining insufficient insurance coverage for the Marina. Id. at 9-14. Arch and Landmark argue that Plaintiff joined Brown and Brown only to defeat diversity among the parties. Notice of Removal at 4.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). To establish fraudulent joinder, "'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). "This burden is a heavy one." Id. (internal quotations omitted).

Arch and Landmark's fraudulent joinder argument is based on their claim that Plaintiff has no possibility of stating a claim against Brown and Brown. In <u>Blumberg v. USAA Cas. Ins. Co.</u>, 790 So. 2d 1061, 1065 (Fla. 2001), the Florida Supreme Court held that "a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings or, if there are no related or underlying judicial proceedings, when the client's right to sue in the related or underlying proceeding expires." In other words, an insured cannot sue his insurance broker for negligence in obtaining coverage until it is certain the insured cannot recover from the insurer. <u>Blumberg</u>'s holding is fatal to Plaintiff's claim against Brown and Brown because there has been no resolution to his claim for insurance coverage against Arch and Landmark. Indeed, Plaintiff appears to concede as much in his Response. Response at 7.

The Court's analysis might end there if it were not for the Florida Supreme Court requiring abatement of a premature action against an insurance broker as opposed to dismissal. <u>Blumberg</u>, 790 So. 2d at 1065 n.2 ("The proper remedy for premature litigation is an abatement or stay of the claim for the period necessary for its maturation under the law.") (internal quotations omitted). Florida's preference for the abatement of an unripe claim does not control once a case is in federal court, which has no

jurisdiction over a claim that is not ripe.[2] See Digital Properties, Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997) ("Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review."); see also Toburen v. State Farm Mut. Auto. Ins. Co., No. 3:17-CV-955-J-34JRK, 2017 WL 9935025, at *1 (M.D. Fla. Oct. 13, 2017) ("Although the Supreme Court of Florida favors abatement of unripe bad faith claims over dismissal, Florida courts do not have the same jurisdictional requirements as federal courts.") (Howard, J.) (internal citation omitted).

Because this case was filed in Florida state court, Plaintiff could assert a claim against Brown and Brown and have that claim abated. It was only after the case's removal that Plaintiff's claim against Brown and Brown required dismissal. The time at which jurisdiction is judged is at removal, and as the case sat, Plaintiff could and did assert a plausible claim against Brown and Brown. Thus, Plaintiff could not be said to have sued Brown and Brown fraudulently.

---

[2] While the parties cite to differing case law as to the propriety of abatement versus dismissal in the context of premature claims asserted in federal court, the undersigned has routinely held that federal courts must dismiss claims that are not ripe. See Witcher v. Garrison Prop. and Cas. Ins. Co., Case No. 3:16-cv-1139-J-39JBT D.E. 161 (M.D. Fla. Nov. 7, 2019) (explaining that abatement of an unripe claim is inappropriate in federal court, despite Florida's endorsement to the contrary).

The Court recognizes that other federal courts have reached the opposite conclusion. See Witkin Design Grp., Inc. v. Travelers Prop. Cas. Co. of Am., No. 16-20484-CIV-MORENO, 2016 WL 1572964, at *3 (S.D. Fla. Apr. 18, 2016) (holding that dismissal of an unripe claim against an insurance agent was consistent with Florida law) (citing Wells Fargo Ins. Servs. USA, Inc. v. Blackshear, 136 So. 3d 1235, 1239 (Fla. 2d DCA 2014)). Blackshear concluded that dismissal of a premature claim against an insurance broker is the appropriate remedy when the case against the insurer is ongoing. Blackshear, 136 So. 3d at 1239. Blackshear did not discuss the Florida Supreme Court's instruction in Blumberg that abatement, as opposed to dismissal, is the appropriate remedy for premature claims. Instead, Blackshear cites to Shuck v. Bank of Am., N.A., 862 So. 2d 20, 24-25 (Fla. 2d DCA 2003) (holding that when "the mere passage of time is not sufficient to cure the premature element of the action" dismissal is appropriate course) and Landmark Am. Ins. Co. v. Moulton Properties, Inc., Case No. 3:05 CV 401LAC, 2006 WL 2038554, at *3 (N.D. Fla. July 19, 2006) (citing to Shuck) for support. Shuck does not cite to Blumberg whatsoever and Landmark does not mention Blumberg's direction to trial courts to abate premature causes of actions.

The Court is also persuaded that any reading of Florida law to prevent abatement when "the mere passage of time is not sufficient to cure the

premature element of the action" is unduly narrow. First, had the Florida Supreme Court intended for abatement to apply in only those circumstances it could have said so and it did not. Second, in the context of other premature claims, the Florida Supreme Court has endorsed abatement despite the fact the passage of time is not certain to cause a claim to ripen. Fridman v. Safeco Ins. Co. of Illinois, 185 So. 3d 1214, 1230 (Fla. 2016) (explaining that abatement of bad faith claim against an insurer was the "appropriate procedural device" even though it may never ripen).

Having determined that removal was inappropriate, the Court next turns to the application of 28 U.S.C. § 1447(c), which allows the imposition of attorney's fees where a case is remanded to state court after removal and finding that the removing party lacked an objectively reasonable basis for seeking removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (holding that an award of attorney's fees should be denied "when an objectively reasonable basis exists" for removal); Bauknight v. Monroe Cty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006). The award of attorney's fees is to compensate the non-removing party. Bldg. Materials Corp. of Am., No. 6:15-cv-548-ORL22GJK, 2018 WL 1008442, at *3 (M.D. Fla. Feb. 22, 2018). At the time that Arch and Landmark removed this case, Florida law as to abatement was well established and Arch and Landmark should have known

that Florida allows claims like the one Plaintiff asserts against Brown and Brown to persist, even if it is premature.

Accordingly, after due consideration, it is

**ORDERED:**

1. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court for the Seventh Judicial Circuit, in and for St. John's County, Florida, and to transmit a certified copy of this Order to the clerk of that court. The Clerk of the Court shall then close this file and terminate any remaining motions and deadlines.

2. On or before **April 1, 2021**, the parties shall meaningfully confer regarding the imposition of fees and costs for Defendants' Landmark American Insurance Company and Arch Specialty Insurance Company wrongful removal. If the parties are unable to agree as to the amount to be taxed, Plaintiff shall file a motion for fees and costs no later than **April 15, 2021**.

**DONE** and **ORDERED** in Jacksonville, Florida this 5th day of March, 2021.

BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
/p